UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | No. | 3:09-CR-100 |
| | ) | | |
| SHANNON D. HINTON | ) | | |

### **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's August 16, 2019 motion for sentence reduction. [Doc. 35]. Through counsel, the defendant asks the Court to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.

The United States has responded to the motion, ultimately deferring to the Court's discretion whether and to what extent to grant any relief. [Doc. 39]. For the reasons that follow, the defendant's motion will be granted.

### I. Defendant's Eligibility for First Step Act Relief.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

The defendant pled guilty to all counts of a three-count Indictment. Count One charged possession of five grams or more of a mixture and substance containing a detectable amount of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Two charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Three charged the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

As to Count One, prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated a sentence of 5 to 40 years' imprisonment for violations of section 841(a)(1) involving 5 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009). For 841(a)(1) violations involving less than 5 grams of cocaine base, the statutory imprisonment range was zero to 20 years. *See id.* § 841(b)(1)(C). Since

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

the enactment of the Fair Sentencing Act, the 841(b)(1)(B)(iii) penalties now apply (as to cocaine base) only to offenses involving 28 grams or more, and the 841(b)(1)(C) penalties apply to cocaine base offenses involving less than that amount. *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). This Court agrees that

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence.

*United States v. Boulding*, 379 F. Supp. 3d 646, 651, 654 (W.D. Mich. 2019).

As noted, the instant defendant pled guilty to possessing with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that federal criminal statute. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crime in 2008. [Presentence Investigation Report ("PSR"), ¶¶ 17-19]. Thus, he was sentenced for "a covered offense" and is eligible for First Step Act relief.

## II. Factual Background

By judgment dated January 5, 2011, the Honorable Thomas W. Phillips imposed a net imprisonment term of 144 months to be followed by a net term of 4 years' supervised release. That sentence consisted of 84 months on Count One, 60 months on Count Two to be served consecutively to Count One, and 120 months on Count Three to be served concurrently with the other counts.

The defendant's guideline range was 262 to 327 months (higher than his statutory minimums), based on the Career Offender guideline range for his 924(c) offense. *See* U.S.S.G. § 4B1.1(c)(2) (Explaining that the instant defendant's guideline range would be his § 924(c) Career Offender range because that range was higher than the sum of his § 841 Career Offender range and his 60-month § 924(c) mandatory minimum). Judge Phillips granted the United States' motion for downward departure and imposed the 144-month below-guidelines sentence. According to the Bureau of Prisons, the defendant is presently scheduled for release on November 29, 2020.

## III. Analysis

The defendant's motion is authorized by the First Step Act because he was sentenced for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's statutory term of imprisonment on Count One was reduced by section 2 of the Fair Sentencing Act *from* a mandatory 5 to 40 years *to* a range of zero to 20 years.

4

However, the defendant's guideline range remains the same. As noted by each party [doc. 35, p.7; doc. 39, p.4], the defendant remains subject to the higher § 924(c) Career Offender range. *See* U.S.S.G. § 4B1.1(c)(2).

The defendant correctly argues that the Court can nonetheless exercise its discretion to impose a reduced sentence based on post-offense rehabilitation, *see, e.g., Pepper v. United States*, 562 U.S. 476, 490 (2011), and the United States concedes that point. [Doc. 39, p.5]. As such, the Court has considered the filings in this case, along with the relevant 3553(a) factors. The Court has also reviewed the defendant's Bureau of Prisons SENTRY Report and has familiarized itself with the defendant's PSR. Having done so, the Court will award a sentence reduction.[2]

The Court is pleased to see that, while incarcerated, the defendant has obtained his GED and has participated in vocational coursework such as 359 hours of wind energy technician training. Conversely (and disappointingly), he has incurred five disciplinary sanctions while incarcerated. Two of those infractions were for possession of a hazardous tool, and one of those events happened <u>after</u> the instant motion was filed. The defendant's inability to strictly comply with the rules of his Bureau of Prisons facility— even when he presumably knew that a sentence reduction was at stake—is concerning

The Court recognizes, however, that it does not know what the Bureau of Prisons considers to be a "hazardous tool." The Court further notes that, according to the Bureau

---

[2] The defendant's request for a plenary resentencing hearing will, however, be denied. The First Step Act does not expressly require such a proceeding, and the Court does not find one necessary in this case. *See United States v. Alexander*, ___ F.3d ___, No. 19-1522, 2019 WL 8135307, at *2-3 (6th Cir. Oct. 18, 2019).

of Prisons' website, the defendant is now housed at a low security facility (suggesting that the "hazardous tool" infractions were not of great concern to the Bureau of Prisons). The instant motion therefore will not be denied based on the defendant's post-sentencing misconduct. Instead, his sentence will be reduced by three months to reward him for his post-sentencing rehabilitative efforts.

## IV. Conclusion

For the reasons provided herein, the defendant's motion for sentence reduction [doc. 35] is **GRANTED**. The defendant's net term of imprisonment is reduced to **141 months**. This term consists of a **reduced term of 81 months as to Count One**, 60 months as to Count Two to be served consecutively to Count One, and 120 months as to Count Three to run concurrent with all other terms, **for a total effective sentence of 141 months**.

Further, while on supervised release, the defendant shall be subject to the following additional special condition of supervision:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Except as provided herein, all provisions of the judgment dated January 5, 2011, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge